### HILLYER, EDWARDS, FULLER, Inc., v. UNITED STATES.

### SAME v. BENDER.

#### Nos. 19591, 19592.

District Court, E. D. Louisiana.

Oct. 6, 1931.

John J. Finnorn, of New Orleans, La., for plaintiff.

C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Henry L. Young, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and E. E. Talbot, U. S. Atty., and John W. Harrell, Asst. U. S. Atty., both of New Orleans, La., for defendants.

BORAH, District Judge.

These two suits were brought by Hillyer, Edwards, Fuller, Inc., a Louisiana corporation engaged in the lumber manufacturing business, for the recovery of certain income and profits taxes alleged to have been illegally assessed and collected for the calendar years 1925 and 1926.

Part of such taxes for the year 1925 was paid to a collector of internal revenue who was not in office at the time the suits were filed, and the balance of the taxes sought to be recovered was paid for the years 1925 and 1926 to Jacob O. Bender, the incumbent collector, at the time the suits were brought; hence two suits were instituted.

Trial by jury was waived in the suit against the collector, and on agreement of counsel the two suits were consolidated for purpose of trial and appeal since they involve the same issues. The suits were tried on June 8, 1931, and taken under advisement. Thereafter, following the death of the defendant collector in suit No. 19,592, this suit was duly revived by an order of substitution entered on September 23, 1931, against his widow, Mrs. Agnes B. McGrawl, the duly appointed and qualified Administratrix of his succession.

The issues presented by the pleadings originally required a determination of the allowable deductions from income to which plaintiff claimed it was entitled for the years 1924, 1925, and 1926 on account of (1) depreciation of its physical property and (2) depletion of timber cut and sold during those years.

At the trial the parties filed a stipulation and agreed statement of facts and an addendum thereto, and testimony was adduced in open court. The stipulation disposed of the first issue above set forth and leaves for determination only the question of the allowable deductions from income due plaintiff on account of depletion of timber cut and sold during the years 1924, 1925, and 1926. This question is dependent on the value to be attributed to a certain timber cutting contract acquired by plaintiff on December 29, 1923, by transfer from its three incorporators, solely in exchange for stock in plaintiff corporation.

The pertinent provisions of the Revenue Act of 1924 regarding the basis for the determination of depletion deductions are found in section 204 (c), 26 USCA § 935 note, as follows: "The basis upon which depletion, exhaustion, wear and tear and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property. * * *"

Subdivision (a) (8) of the same section, 26 USCA § 935(a) (8), sets forth this provision: "If the property * * * was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction de-

scribed in paragraph (4) of subdivision (b) of section 934 * * * then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made."

And section 203 (b) (4) of the act, 26 USCA § 934(b) (4), provides as follows: "No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange."

The following pertinent provision is found in section 203 (i) of that act, 26 USCA § 934(i): "As used in this section the term 'control' means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation."

The respective defendants contend that the facts in these two suits fall within the provision of section 204 (a) (8) and the first portion of section 203 (b) (4), which provides that, "No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation." It is therefore urged by them that the cost, to the three transferors, of the aforesaid timber cutting contract, should be taken as the value to be attributed to such contract in the hands of plaintiff corporation; such cost having been stipulated to be the sum of $19,324.40.

On the other hand, plaintiff contends that the Commissioner of Internal Revenue refused to allow the proper basis for computing deductions from its income on account of depletion of standing timber. Plaintiff maintains that the amount of the stock received by each of the three transferors in exchange for the timber cutting contract was not substantially in proportion to his interest in the contract prior to the exchange, and that, therefore, the value to be attributed to such contract, as a basis for computing allowable deductions from plaintiff's income on account of depletion, should be its ready realizable market value at the time of its acquisition by plaintiff, which value has been stipulated to be the sum of $110,493.85.

In view of the issue thus presented, I adopt those facts which have been stipulated by the parties and, in addition, I find the following facts specially herein:

### Special Findings of Fact.

1. That on September 14, 1918, the Ward Lumber Company, as lessee, and the Rapides Land Company and the Edward W. Stiles Land Company, as joint lessors, all being corporations organized and then existing under the laws of the state of Michigan, entered into a certain timber cutting contract which is involved in these suits.

2. That thereafter the said Ward Lumber Company, lessee, was placed in the hands of receivers by the Thirteenth judicial district court in and for Rapides parish, La., and John T. Powers, Jr., and Harry J. Brenner were made co-receivers.

3. That on December 22, 1923, the said co-receivers of the Ward Lumber Company, acting in their official capacity, sold and transferred, at a judicial sale, unto F. L. Hillyer and J. B. Edwards certain property of that company, including the aforesaid timber cutting contract; said property being acquired by said vendees in equal indivision.

4. That subsequently, but on the same date, the said Hillyer and Edwards, by notarial act duly recorded, acknowledged that one Parrish Fuller, having contributed one-fourth of the purchase price of said property, was interested in said purchase to the extent of one-fourth, and they thereby transferred and assigned to said Parrish Fuller such undivided one-fourth interest.

5. That the total cost to the said Hillyer, Edwards, and Fuller of all the property thus acquired from the aforesaid co-receivers was $146,500, of which amount the sum of $19,324.40 has been stipulated to be, and is adopted by the court as, the cost to said three persons of the timber cutting contract.

6. That the said Hillyer, Edwards, and Fuller thereby became owners of said property, including the timber cutting contract, in the following undivided proportions:

F. L. Hillyer, 37½ per cent.

J. B. Edwards, 37½ per cent.

Parrish Fuller, 25 per cent.

7. That on December 29, 1923, plaintiff corporation, Hillyer, Edwards, Fuller, Inc.,

was organized by the said Hillyer, Edwards, and Fuller under the laws of the state of Louisiana, to engage in the business of manufacturing and selling timber, with its domicile in the town of Oakdale, La., and with a total authorized capital stock of $250,000, represented by 2,500 shares of a par value of $100 per share.

8. That on the same date the said Hillyer, Edwards, and Fuller transferred the property acquired from the co-receivers, including the timber cutting contract, to plaintiff corporation, solely in exchange for 2,250 shares of plaintiff's capital stock, which was all of said stock that was issued at that time.

9. That at the date of its acquisition by plaintiff corporation, the timber cutting contract had, as stipulated herein, a ready realizable market value of $110,493.85.

10. That in the above-mentioned exchange Hillyer received 1,000 shares of stock, Edwards 625 shares, and Fuller 625 shares, so that the percentage proportion of ownership, by said three transferors, of the stock issued solely in exchange for the property transferred to the corporation, was as follows:

F. L. Hillyer, 44.44 per cent.

J. B. Edwards, 27.78 per cent.

Parrish Fuller, 27.78 per cent.

11. That immediately after the exchange the three incorporators and transferors, Hillyer, Edwards, and Fuller owned 90 per cent. of the total authorized stock of plaintiff corporation.

12. That as the result of the exchange the said Hillyer and Edwards each received stock in substantial disproportion to his interest in the property prior to the exchange.

And I state my conclusions of law as follows:

### Conclusions of Law.

■ 1. That although the property involved in these suits, including the timber cutting contract, was acquired on December 29, 1923, by plaintiff corporation by the issuance of its stock in connection with a transaction whereby such property was transferred on that date to said corporation by three persons, to wit, F. L. Hillyer, J. B. Edwards, and Parrish Fuller, solely in exchange for stock in such corporation, and although such three persons were in control of the corporation immediately after the exchange, yet the evidence clearly shows that this was not an instance in which the amount of stock received in exchange by each of said three persons was substantially in proportion to his

interest in the property prior to the exchange. On the contrary, the evidence clearly discloses that the said Hillyer and Edwards each received stock in substantial disproportion to his interest in the property prior to the exchange.

■ 2. That, therefore, for the purpose of providing a proper basis for computing the allowable deductions from income to which plaintiff corporation is entitled on account of depletion of timber cut and sold during the years 1924, 1925, and 1926, the value to be attributed to the timber cutting contract is its ready realizable market value on the date of its acquisition by plaintiff from its three incorporators, to wit, the stipulated value or sum of $110,493.85.

The joint request for special findings of fact and conclusions of law and the joint motion for judgments filed on behalf of the respective defendants are hereby denied.

Formal judgments prepared in conformity herewith should be submitted to the court.